Allen Murray Myers, J.
This action for breach of a contract of insurance is submitted to me on an agreed statement of facts. Plaintiffs owned a homeowners policy of insurance issued by the defendant. The homeowners polióy is basically a standard fire insurance and extended coverage policy supplemented by various endorsements which provide additional coverage.
On January 7, 1970, plaintiffs’ boiler which formed part of a steam heating system developed a crack and became unusable. The parties have agreed that this ‘1 was sustained due to mechanical breakdown. ’ ’'
*718 Plaintiffs claim coverage for this loss under section 1, coverage A, paragraph numbered 6 of the perils insured against of the basic fire insurance and extended coverage portion of the policy. Paragraph 6 insures against loss caused by the cracking of a steam heating system.
Defendant opposes the claim on the ground that this risk is excluded by virtue of paragraph numbered 3(a) of a special building endorsement (MP 235 a). This endorsement, intended to insure all risks not covered by the policy and its other endorsements, provides in pertinent part of paragraph numbered 3(a) that, “3 * * * This endorsement does not insure against loss: (a) by * * # mechanical breakdown.” The sole'issue is whether the exclusion in the “ all risks ” special building endorsement limits the coverage in the basic fire and extended coverage policy.
. The first paragraph of the special building endorsement provides— “ Subject to the provisions of this endorsement and. to ■the policy to which it is attached including other endorsements thereon, Coverages A, B, and E of this policy are extended to insure against all risks of physical loss except as hereafter excluded.” Among the exclusions is the afore-mentioned ‘‘ mechanical breakdpwn.”
The fo.rm of the standard, fire insurance policy as mandated by section 168 of the Insurance Law, and each endorsement in addition thereto contains its own exclusions limited to the additional coverage afforded by that particular endorsement. This carries out the intent of subdivision 5 of section 168. of the Insurance Law which permits ‘ ‘ appropriate forms of supplemental contract or contracts or extended coverage endorsements — to provide coverage in. addition to that of the stand-, ard fire insurance policy.
Although I find no ambiguity in the language of the policy, if there were such ambiguity, it would have to be construed against the defendant which drafted the policy (Hortol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44).
I find-that the exclusions contained in paragraph numbered 3 of the- special building endorsement (MP 235 a) apply only to thei perils covered by that endorsement and not to any of themfher perils covered by the policy and other endorsements.
Accordingly, I find that plaintiffs’ loss is covered by the poliWT
Judgment is therefore granted in favor of plaintiffs for the^um of $1,182.37, plus interest, costs. and disbursements.